IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CARL A. THOMAS,<br>　　Plaintiff, | :<br>:<br>: |
| v. | :    CIVIL ACTION NO. 25-CV-2669 |
| DANIEL E. WHITE, *et al.*,<br>　　Defendants. | :<br>:<br>: |

## MEMORANDUM

**LEESON, J.**                                                                                                                                                                                                        June 10, 2025

      Plaintiff Carl A. Thomas filed this civil rights action against Folcroft Borough Police Officer Daniel E. White, the Folcroft Borough Police Department, the Delaware County District Attorney's Office ("DCDO"), District Attorney Jack Stollsteimer, and Delaware County. Thomas also seeks leave to proceed *in forma pauperis*. For the following reasons, leave to proceed *in forma pauperis* will be granted, the Complaint will be dismissed in part and the Court will direct service of the claims against Defendant White.

## I.    FACTUAL ALLEGATIONS[1]

      Thomas alleges that on June 6, 2023, he was stopped by Defendant White while driving in Sharon Hill, Pennsylvania. Compl. at 3, 7. Thomas noticed an unmarked vehicle parked in the middle of the road, which then began to follow him and activate its lights, before stopping him. *Id*. Thomas claims there was no probable cause for the stop and that he was racially profiled. *Id*. He claims White falsely arrested and kidnapped him, illegally searched his car, and

---

[1]     The factual allegations are taken from Thomas's Complaint, ECF No. 2, which consists of the Court's form available for use by *pro se* litigants, as well as a typewritten portion and attached exhibits. The Court deems the entire submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

had the car unlawfully towed and impounded.  *Id*.  He was handcuffed and not read his rights.  *Id*. at 7.  While in custody, unnamed Folcroft police officers allegedly searched him, forced him to remove his clothing and put on a prison uniform, locked him in a cell, and did not tell him why he was arrested.  *Id*.  Thomas was held for seven hours before being brought before a judge where, for the first time, he learned he would be charged with at least six counts which he alleges White "falsely fabricated," including theft by unlawful taking of movable property, receiving stolen property, criminal mischief, loitering, prowling, trespassing, and disorderly conduct.  *Id*.

Thomas alleges that District Attorney Stollsteimer and the DCDO unlawfully prosecuted him over several months and "made several attempts to incriminate" him by fabricating false statements and submitting an affidavit of probable cause prepared by White.  *Id*. at 3, 7-8.  The charges were eventually dismissed on March 28, 2024.  *Id.* at 8; ECF No. 2-1 at 8 (order dismissing charges and discharging Thomas).  Thomas claims he was defamed by White's use of the public record and social medial to spread false statements and charges.  *Id*. at 7.  He seeks money damages.  *Id*.

Attached to the Complaint are documents from *Commonwealth v. Thomas*, CP-23-CR-4478-2023 (C.P. Delaware), including the information signed by Stollsteimer charging Thomas with various crimes, *see* ECF No. 2-1 at 3, an order setting conditions of bail (*id*. at 4), a criminal complaint and affidavit dated July 20, 2022, *id*. at 5-6, and an order dated March 28, 2024 dismissing the charges, *id*. at 8.  Also attached is an order from *Commonwealth v. Thomas*, CP-23-CR-761-2022 (C.P. Delaware) entered on July 5, 2022, quashing and dismissing the information filed in that case, *see id*. at 10, and a notice of withdrawal of charges entered in *Commonwealth v. Thomas*, MJ-32240-NT-238-2022 (C.P. Delaware), *id*. at 12.

## II.     STANDARD OF REVIEW

The Court grants Thomas leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Because Thomas is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F.3d at 245). An unrepresented litigant "cannot flout procedural rules — they must abide by the same rules that apply to all other litigants." *Id.*; *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the

applicable law, irrespective of whether the pro se litigant mentioned it b[y] name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

### III.    DISCUSSION

Thomas asserts constitutional claims against the Defendants.  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.    Delaware County

Thomas has named Delaware County as a Defendant in the caption of his Complaint but never mentions the County in the body of the Complaint and makes no allegations about how Delaware County was involved in the incidents he describes.  Thomas appears to have listed Delaware County as a defendant in the mistaken understanding that it is responsible for the actions of the DCDO.  However, a county district attorney's office in Pennsylvania is a distinct governmental entity from the county government, and a county government is not liable for wrongs allegedly committed by district attorneys.  *See, e.g.*, *Pownall v. Krasner*, 675 F. Supp. 3d 517, 530 (E.D. Pa. 2023) (concluding that the City of Philadelphia could not be held liable for any "alleged policy or custom pertaining to . . . prosecutorial advocacy" because the relevant policy maker, *i.e.*, the Philadelphia District Attorney, acts on behalf of the Commonwealth (rather than the City) when training or supervising others in the prosecution of crimes); *Laughman v. Commonwealth. of Pa.*, No. 05-1033, 2006 WL 709222, at *6 (M.D. Pa. Mar. 17, 2006) ("When a District Attorney is making prosecutorial decisions, he is serving in the role of a

state actor and the county where his office is located is not liable for his prosecutorial decisions."). Accordingly, Delaware County will be dismissed with prejudice.[2]

### B.     Stollsteimer and the DCDO

Thomas asserts section 1983 claims against Stollsteimer and the DCDO because they prosecuted him on the charges filed by Defendant White over several months and "made several attempts to incriminate" Thomas by fabricating false statements and submitting an affidavit of probable cause prepared by White. Compl. at 3, 7-8. As noted, the charges were eventually dismissed on March 28, 2024. The claims against Stollsteimer and the DCDO are not plausible and will be dismissed.

Prosecutors are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."[3] *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). Absolute immunity extends to the decision to initiate a prosecution, *Imbler*, 424 U.S. at 431, including "soliciting false testimony from witnesses in grand jury proceedings and probable

---

[2]    To hold a municipality or county liable, a plaintiff must allege that the defendant's policies or customs caused the alleged constitutional violation. *See Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). The plaintiff "must identify [the] custom or policy, and specify what exactly that custom or policy was" to satisfy the pleading standard. *McTernan v. City of York*, 564 F.3d 636, 658 (3d Cir. 2009). It is not enough, however, to allege the existence of a policy or custom. "A plaintiff must also allege that the policy or custom was the 'proximate cause' of his injuries." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (citing *Kneipp v. Tedder*, 95 F.3d 1199, 1213 (3d Cir. 1996)). Since Thomas fails to make any allegation about Delaware County, he has failed to state a plausible *Monell* claim. As the County is not liable for an act taken by an employee of Folcroft Borough or the DCDO, the County will be dismissed with prejudice.

[3]    Thomas also mentions defamation of character. State law affords absolute immunity to prosecutors from tort claims based on actions taken in the prosecutor's official capacity. *See Durham v. McElynn*, 772 A.2d 68, 69-70 (Pa. 2001) (holding that assistant district attorneys are entitled to absolute immunity from liability for actions taken in their official capacity).

5

cause hearings," *Kulwicki v. Dawson*, 969 F.2d 1454, 1465 (3d Cir. 1992), presenting a state's case at trial, *Imbler*, 424 U.S. at 431, and appearing before a judge to present evidence. *Fogle v. Sokol*, 957 F.3d 148, 160 (3d Cir. 2020); *see also id.* at 164-65 (finding that prosecutors were entitled to immunity from certain claims based on allegations "that at hearings and at trial the Prosecutors withheld material exculpatory evidence from defense counsel, the court, and the jury; filed a criminal complaint without probable cause; and committed perjury before and during trial"). Moreover, District Attorneys and other supervisory prosecutors are likewise entitled to absolute immunity from claims based on their role in pursuing a prosecution on behalf of the Commonwealth. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 348-49 (2009).

Absolute immunity can extend to "the duties of the prosecutor . . . involv[ing] actions preliminary to the initiation of a prosecution and actions apart from the courtroom." *Mancini v. Lester*, 630 F.2d 990, 994 n.6 (3d Cir. 1980) (quoting *Imbler*, 424 U.S. at 431 n.33). This means prosecutors have absolute immunity from suits challenging their preliminary "strategic decisions," such as whether or not to call a witness, or their decision not to prosecute a case. *Harris v. Krasner*, 110 F.4th 192, 197 (3d Cir. 2024). Since the actions Thomas attributes to Stollsteimer and the DCDO all involve the representation of the Commonwealth, absolute immunity applies, and they will be dismissed with prejudice.

C. **Folcroft Police Department**

Thomas also names the Folcroft Police Department as a Defendant. Following the decision in *Monell*, courts concluded that a police department is a sub-unit of the local government and, as such, is merely a vehicle through which the municipality fulfills its policing functions. *See e.g. Johnson v. City of Erie, Pa.*, 834 F. Supp. 873, 878-79 (W.D. Pa. 1993). Thus, while a municipality may be liable under § 1983, a police department, as a mere sub-unit

6

of the municipality, may not. *Id.*; *Martin v. Red Lion Police Dept.*, 146 F. App'x. 558, 562 n.3 (3d Cir. 2005) (*per curiam*) (stating that police department is not a proper defendant in an action pursuant to 42 U.S.C. § 1983 because it is a sub-division of its municipality); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 25 (3d Cir. 1997) ("As in past cases, we treat the municipality and its police department as a single entity for purposes of section 1983 liability.") (citing *Colburn v. Upper Darby Township*, 838 F.2d 663, 671 n.7 (3d Cir. 1988)); *see also Hadesty v. Rush Twp. Police Dep't*, No. 14-2319, 2016 WL 1039063, at *9 n.4 (M.D. Pa. Mar. 15, 2016). Therefore, the Folcroft Police Department is not a proper defendant in this case under Section 1983 and is dismissed with prejudice.

### IV. CONCLUSION

For the reasons stated, the claims asserted against Delaware County, Jack Stollsteimer, the DCDO, and the Folcroft Police Department are dismissed with prejudice. The Court will direct service of the Complaint against Defendant White. An appropriate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
**JOSEPH F. LEESON, JR.**
**United States District Judge**