UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| CARL A. THOMAS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | No. 25-cv-2669 |
| | : | |
| DANIEL E. WHITE, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

Joseph F. Leeson, Jr.                                                                                 October 15, 2025
United States District Judge

### I.     INTRODUCTION

Presently before the Court is a Motion filed by Defendant Daniel E. White to dismiss the *pro se* civil rights Complaint filed by Carl A. Thomas pursuant to Fed. R. Civ. P. 12(b)(6).[1] *See* ECF No. 12. For the following reasons, the Motion will be granted, Thomas's federal law claim will be dismissed with prejudice, and his state law claim will be dismissed for lack of subject matter jurisdiction.

### II.     BACKGROUND

    **A.**     **Factual Allegations[2] and Procedural History**

Thomas alleges that he was stopped while driving in Sharon Hill, Pennsylvania. Compl. at 3, 7. Thomas noticed an unmarked vehicle parked in the middle of the road, which then began

---

[1]     In a prior Memorandum and Order, the Court dismissed the claims Thomas asserted against Delaware County, the Delaware County District Attorney and District Attorney's Office, and the Folcroft Police Department. ECF Nos. 4, 5. The Court directed service of the Complaint against Defendant White only. *Id.*

[2]     The factual allegations are taken from Thomas's Complaint, ECF No. 2, which consists of the Court's form available for use by *pro se* litigants, as well as a typewritten portion and attached exhibits. The Court deems the entire submission to constitute the Complaint and adopts the sequential pagination assigned by the CM/ECF docketing system. Where the Court quotes from the Complaint, punctuation, spelling, and capitalization errors will be cleaned up as needed.

1

to follow him and activated its lights.³ *Id*. Thomas claims there was no probable cause for the stop and that he was racially profiled.⁴ *Id*. He claims White falsely arrested and kidnapped him, illegally searched his car, and had the car unlawfully towed and impounded. *Id*. He was handcuffed and not read his rights. *Id*. at 7. While in custody, unnamed Folcroft police officers searched him, forced him to remove his clothing and put on a prison uniform, locked him in a cell, and told him only that "we arrest you for a warrant." *Id*. Thomas was held for seven hours before being brought before a judge where, for the first time, he learned he would be charged with six counts that he claims White "falsely fabricated," including theft by unlawful taking of movable property, receiving stolen property, criminal mischief, loitering, prowling, trespassing, and disorderly conduct. *Id*.

---

³     Since Thomas has attached materials to his Complaint from several different criminal cases, the Court will clarify that it understands Thomas to allege he was arrested on June 6, 2023, Compl. at 3, apparently arising from a criminal complaint and affidavit of probable cause filed on July 19, 2022, ECF No. 2-1 at 5-6. One of the documents he submitted with the Complaint is an order setting bail conditions that was signed on June 6, 2023, supporting that he was arrested on that date. ECF No. 2-1 at 4. That document references the charges that were filed on July 19, 2022 and corresponds with a criminal complaint and affidavit of probable cause dated at that time. *Id.* at 4-6. While not spelled out in the Complaint, the Court understands that Thomas's 2023 arrest was based on the July 2022 criminal complaint.
    The June 6, 2023 order setting bail conditions was entered in *Commonwealth v. Thomas*, MJ-32240-CR-121-2022. ECF No. 2-1 at 4. This is the same case number as a hearing in which Defendant White testified about arresting Thomas and appears to be the source of Thomas's false testimony allegation. *See* ECF No. 7. Accordingly, the Court understands the July 19, 2022 criminal complaint and affidavit to relate to the June 6, 2023 arrest described in the testimony as the basis of Thomas's claims.

⁴     Thomas's passing reference to being "racially profiled" unsupported by any factual allegations is insufficient to raise a claim based on a violation of his equal protection rights. *See Brown v. Pennsylvania, Wayne Cnty.*, No. 22-1506, 2023 WL 3376547, at *2 (3d Cir. May 11, 2023) (stating that a "'passing reference' to jurisprudential precepts, without more, does not bring that issue before the Court in that it provides no basis for a ruling one way or the other"), *cert. dismissed sub nom. Brown v. Pennsylvania*, 144 S. Ct. 272 (2023), *reconsideration denied*, 144 S. Ct. 417 (2023).

Allegedly, District Attorney Stollsteimer and the Delaware County District Attorney's Office unlawfully prosecuted Thomas over several months and "made several attempts to incriminate" him by fabricating false statements and submitting an affidavit of probable cause prepared by White. *Id*. at 3, 7-8. The charges were eventually dismissed on March 28, 2024. *Id.* at 8; ECF No. 2-1 at 8 (order dismissing charges and discharging Thomas). Thomas claims he was defamed by White's use of the public record – "ADVERTISED MOST WANTED ADDS [sic] (BENCH WARRANT)" – and social medial to spread false statements and charges that he was a "wanted criminal." Compl. at 6, 7. He seeks money damages.

Attached to the Complaint are documents from various state court proceedings. They include the following: an information charging Thomas with various crimes in *Commonwealth v. Thomas*, CP-23-CR-4478-2023 (C.P. Delaware),[5] *see* ECF No. 2-1 at 3; the June 6, 2023 order setting conditions of bail for a July 19, 2022 arrest in *Commonwealth v. Thomas*, MJ-32240-CR-121-2022, *id.* at 4; the criminal complaint and affidavit of probable cause drafted by White dated July 20, 2022, and signed and issued from the same magisterial district court, MJ-32240, *id.* at 5-6; and an order dated March 28, 2024 dismissing the charges in *Commonwealth v. Thomas*, CP-23-CR-4478-2023 (C.P. Delaware), *id.* at 8. In the Affidavit, White attested that on July 19, 2022 he was dispatched to 724 School Lane for a report of a theft of a Ring camera. ECF No. 2-1 at 6. Other officers spoke with a worker at the location who showed the officers video footage of a black male in the early hours of July 19 carrying a milk crate, standing on it, removing the camera and damaging it. *Id*. White attested that he received the footage and could identify Thomas as being the black male, because he had arrested Thomas in the past for being inside the

---

[5] Thomas was charged with violating 18 Pa. Con. Stat. § 3921 – theft by unlawful taking, § 3925 – receiving stolen property, § 3304 – criminal mischief, § 5506 – loitering and prowling, § 3503 – criminal trespass, and § 5503 – disorderly conduct.

3

same property and advised him numerous times that he was forbidden from being on or inside the property. *Id*.

Also attached to the Complaint is an order from *Commonwealth v. Thomas*, CP-23-CR-761-2022 (C.P. Delaware) entered on July 5, 2022, quashing and dismissing the information filed in that case, *id.* at 10, and a December 7, 2023 notice of withdrawal of charges entered in *Commonwealth v. Thomas*, MJ-32240-NT-238-2022 (C.P. Delaware), *id.* at 12. Thomas also submitted two additional exhibits, after his Complaint in this case was served, consisting of transcripts from preliminary hearings held in his criminal cases on February 15, 2022 and September 19, 2023. *See* ECF No. 7. At the February 15, 2022 hearing, conducted in *Commonwealth v. Thomas*, MJ-32240-CR-0000227-2021, well before White swore out the criminal complaint against Thomas on July 19, 2022 and his subsequent arrest thereon on June 6, 2023, Folcroft Police Corporal Peter Acquarola testified that he responded on October 12, 2021 to a burglary-in-progress call at 724 School Lane in Folcroft by a resident who had recently been evicted. ECF No. 7, Tr. B at 6. The property owner indicated that Thomas had been evicted from the property and did not have permission to be there. *Id*. at 7. Following the hearing, the burglary charge was dismissed but other charges were held over for the Common Pleas Court. *Id*. at 11. This was the same case later quashed on July 5, 2022 under case number CP-23-CR-761-2022, some two weeks before White swore out the criminal complaint on July 19, 2022.

At the September 19, 2023 hearing held in *Commonwealth v. Thomas*, MJ-32240-CR-121-2022, White testified that around July 19, 2022, he investigated a reported theft of a Ring camera from 724 School Lane in Folcroft. ECF No. 7, Tr. A at 4. Footage from the camera indicated that Thomas, whom White knew from prior dealings, removed the camera while standing on a milk crate. *Id*. at 5. The prior dealings involved when Thomas was evicted from the

4

property. *Id*. at 6. White had arrested Thomas for trespassing on the property and had advised him on at least two prior occasions that he was not allowed on the property. *Id*. at 7. The hearing resulted in the holding over of all charges for the Common Pleas Court. *Id*. at 15.

Other state court cases of which the Court may take judicial notice have established that Thomas had no property rights to 724 School Lane in Folcroft at the time relevant to this case. On May 16, 2022, Thomas filed a complaint in the Delaware Court of Common Pleas, later removed to this Court, alleging contradictorily that he never executed a 2005 mortgage on the property, and also that the mortgage was satisfied in 2012. *See Thomas v. Wells Fargo Bank, N.A.*, No. 22-2357, 2022 WL 16536239, at *2 (E.D. Pa. Oct. 28, 2022). White alleged breach of contract, wrongful foreclosure, title transfer fraud, violation of the Fair Debt Collection Act, Truth in Lending Act, Fair Credit Billing Act, and the Real Estate Settlement Procedure Act. *Id*. Then-Chief Judge Sanchez concluded that Thomas's claims were barred by *res judicata* since Thomas was the losing party in an earlier state court foreclosure proceeding that ended in a final judgment on the merits against him. *Id*. at *3-4. That case, *Wells Fargo Bank, N.A. s/b/m/ to Wachovia Bank, N.A. v. Thomas*, CV-2013-007976 (C.P. Delaware), resulted in the entry of a judgment of foreclosure on May 14, 2014, several subsequent writs of execution and postponed sheriff sales, and a sale with distribution of proceeds occurring in 2018. *See id*. at docket entries dated May 14, 2014, February 26, 2015, June 22, 2015, Jan. 15, 2016, July 7, 2026, May 26, 2017, Feb. 15, 2018. Thereafter, Thomas filed a petition to set aside the sale, arguing alternatively that the mortgage was altered and fabricated, and that the mortgage was satisfied in 2016, but the bank was trying to steal the property. *Thomas*, 2022 WL 16536239, at *1. After the petition was denied, Thomas appealed, and the Pennsylvania Superior Court dismissed the appeal. *Id.*

### B. White's Motion to Dismiss

White argues in his Motion that Thomas's allegations are conclusory and speculative, and that Thomas has failed to allege a plausible claim under the Fourth Amendment since there was probable cause for the arrest. ECF No. 12 at 9. White points to the criminal complaint and accompanying affidavit of probable cause, both of which were approved by a judge, and White's own testimony in the transcripts Thomas submitted, all of which establish that there was probable cause to make the June 6, 2023 arrest. *Id.* White argues that Thomas does not deny (1) being on the property from which he was evicted, or taking the Ring camera, (2) being arrested at a time when he did not own the property and, (3) being evicted, or having no right to be on the property. *Id*. at 9-10. White asserts that Thomas fails to allege in the Complaint what "allegedly false" testimony White gave at the September 19, 2023 hearing, and fails to allege that White testified at all at the February 15, 2022 hearing. *Id.* at 10. White argues that the state law defamation claim must also be dismissed for failure to state a plausible claim.[6] *Id.* at 11-12.

### C. Thomas's Response

In his Response, Thomas recites law governing Fourth Amendment claims for false arrest but merely repeats his allegations that White obtained warrants against him by filing false statements. *See* Response, ECF No. 14 at 5-6. He appears to argue that both (1) the false testimony White provided and (2) an unlawful warrant that he obtained from a judge that

---

[6]  White argues alternatively that the defamation claim should be dismissed because this case was not brought within the applicable Pennsylvania statute of limitations. The limitations period to bring a claim for defamation is one year, and begins to run when the defamatory statements are published, subject to the Pennsylvania discovery rule. *Greiser v. Drinkard*, 516 F. Supp. 3d 430, 439 (E.D. Pa. 2021) (citing 42 Pa. C.S.A. § 5523(1); *Glover v. Tacony Acad. Charter Sch.*, No. 18-56, 2018 WL 3105591, at *5 (E.D. Pa. June 25, 2018)). Since the Court lacks subject matter jurisdiction over the state law claim, no opinion is expressed on any of these arguments.

contained false statements, resulted in the cases being eventually quashed, making his claims plausible. *Id*. He asserts that White's argument that Thomas did not own the property or have a right to be on the property "is baseless and most of [the] argument is about a foreclosure from 12 years ago [while] this lawsuit is for the unlawful arrest false imprisonment kidnap that cause[d him] great harm." *Id*. He argues that White's references to the February 15, 2022 testimony—which Thomas himself attached to the Complaint—is improper since it does not involve White's arrest of Thomas. *Id*.

Thomas also asserts facts not in his Complaint, namely, that he owned and occupied the property at 724 School Lane on October 12, 2021 when White filed multiple fraudulent criminal complaints against him, including CP-23-CR-761-2022 and CP-23-CR-4478-2023, which were eventually quashed. ECF No. 14 at 3. He also appears to argue that he continues to be the owner of the property with possessory rights because the foreclosure proceedings were based on false documents used by scammers and house thieves to throw him off of the property.[7] *Id*. at 8; 15-24 (property records).

### III.  STANDARD OF REVIEW

"A 12(b)(6) motion tests the sufficiency of the allegations contained in the complaint." *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss under Rule 12(b)(6), the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim

---

[7] White filed a Reply, ECF No. 15, asserting that Thomas failed to articulate in his Response what testimony that White gave at the hearing was false and what information he included in the probable cause warrant that was fabricated. He notes that the affidavit states that two other officers arrived on the property, met with the complainant, were shown video of a man that White later identified as Thomas, on the property and taking the Ring camera. *Id*. at 3.

7

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555.) "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). It is the defendant's burden to show that a complaint fails to state a claim. *See Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (explaining that on a Rule 12(b)(6) motion to dismiss, the "defendant bears the burden of showing that no claim has been presented").

In resolving a Rule 12(b)(6) motion, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).[8] To determine whether a complaint filed by a *pro* se litigant states a claim, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024); *see also Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (*pro se* filings are construed liberally). "The presence of an affirmative defense does not automatically create a triable issue of

---

[8]   The authenticity of the materials that Thomas submitted after his Complaint, *see* ECF No. 7, consisting of transcripts from preliminary hearings held in his criminal cases on February 15, 2022 and September 19, 2023, is not disputed by the parties and Thomas's claims are based in part on those public record documents. They are, accordingly, considered by the Court in resolving the Motion.

fact, but when an affirmative defense is 'apparent on the face of a complaint', it may be appropriate for a court to dismiss an action pursuant to a Rule 12(b)(6) motion." *Dragotta v. W. View Sav. Bank*, 395 F. App'x 828, 830 (3d Cir. 2010) (quoting *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997).

The Court must also review the pleadings and dismiss a matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence.") (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)).

IV. **DISCUSSION**

    A. **Fourth Amendment Claim**

Thomas asserts a Fourth Amendment claim against White. The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Since it appears that Thomas was arrested pursuant to a criminal complaint, his Fourth Amendment claim sounds in malicious prosecution. *See Wallace v. Kato*, 549 U.S. 384, 390

(2007) (explaining that the tort of malicious prosecution "remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process"); *Noviho v. Lancaster Cty. of Pa.*, 683 F. App'x 160, 166 (3d Cir. 2017) (*per curiam*) ("Arrests made pursuant to a 'validly issued—if not validly supported—arrest warrant' generally occur after the institution of legal process and, thus, sound in malicious prosecution rather than false arrest or imprisonment." (quoting *Myers v. Koopman*, 738 F.3d 1190, 1195 (10th Cir. 2013)). To state a Fourth Amendment malicious prosecution claim, a plaintiff must plausibly allege that a government official charged him without probable cause, leading to an unreasonable seizure of his person. *Chiaverini v. City of Napoleon, Ohio*, 602 U.S. 556, 558 (2024) (citing *Thompson v. Clark*, 596 U. S. 36, 43, and n.2 (2022)). A malicious prosecution claim under § 1983 has five elements: (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.[9] *Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007). That a "valid" crime was also charged along with the charge that ended in the plaintiff's favor does not create a categorical bar to a claim. *Chiaverini*, 602 U.S. at 562 ("The question here is whether a Fourth Amendment malicious-prosecution claim may succeed when a baseless charge is accompanied by a valid charge. . . . Consistent with both the Fourth Amendment and traditional common-law practice, courts should evaluate suits like Chiaverini's *charge by charge*.") (emphasis added). A "favorable

---

[9] To the extent Thomas also asserts a parallel state law claim, the elements of a malicious prosecution claim are the same under Pennsylvania law except that the fifth element is not required under Pennsylvania law. *Kossler v. Crisanti*, 564 F.3d 181, 186 n.2 (3d Cir. 2009), *abrogated on other grounds by Thompson v. Clark*, 596 U.S. 36 (2022).

10

termination" occurs when a prosecution ends "without a conviction." *Thompson*, 596 U.S. at 49 ("In sum, we hold that a Fourth Amendment claim under § 1983 for malicious prosecution does not require the plaintiff to show that the criminal prosecution ended with some affirmative indication of innocence. A plaintiff need only show that the criminal prosecution ended without a conviction."). Thomas has alleged that White brought a charge that ended in his favor, satisfying the first two elements of the claim.

For the "lack of probable cause" element, where an arrest is made pursuant to a warrant or a previously sworn criminal complaint (as it was here), a plaintiff must allege plausibly "(1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create[d] a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (internal quotations and citation omitted). An omission is made with reckless disregard if it were something a reasonable person would realize that the judge would want to know. *Id*. at 788. To determine whether an omission is material, the Court must predict whether a reasonable judge would conclude that a corrected affidavit was insufficient to establish probable cause. *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997). The existence of probable cause is typically a question of fact for a jury, unless the evidence "reasonably would not support a contrary factual finding," in which case the court may determine the existence of probable cause as a matter of law. *Basile v. Twp. of Smith*, 752 F. Supp. 2d 643, 651 (W.D. Pa. 2010) (granting Rule 12(b)(6) motion in part and dismissing false arrest claim with leave to amend).

Where Thomas has failed to allege, in anything but conclusory terms, that White lacked probable cause to seek the warrant and criminal complaint, his malicious prosecution claim is not

plausible as a matter of law. Thomas argues in his Response that White used "false statements" to obtain the warrant, ECF No. 14 at 5, but he does not identify in his Complaint any non-conclusory statement that he alleged that White made in connection with obtaining the criminal complaint that was false. Rather, in asserting his Fourth Amendment claim, Thomas relies almost entirely upon the fact that the charges against him were eventually quashed. Compl. at 8 (stating that "for over several months [Thomas] suffer[ed] injury and loss of income . . . [until] all charges [were] quashed and dismiss[ed] on March 28, 2024," and incorporating exhibits indicated the charges were quashed). Yet, the fact that the charges were later dismissed is insufficient alone to allege plausibly that White lacked probable cause when he obtained the warrant. *Michigan v. DeFillippo*, 443 U.S. 31, 36 (1979) (holding that the fact that criminal charges were subsequently dismissed is irrelevant to the determination of whether probable cause existed in the first instance); *Bey v. Amoroso*, No. 24-1786, 2024 WL 3071065, at *8 (E.D. Pa. June 20, 2024) (holding same, citing *DeFillippo*, 443 U.S. at 36); *see Radich v. Goode*, 886 F.2d 1391, 1397 (3d Cir. 1989) ("the standard for probable cause turns not on the actual guilt or innocence of the arrestee, but rather, whether the arresting officer *reasonably* believed that the arrestee had committed the crime."); *see also Barna v. City of Perth Amboy*, 42 F.3d 809, 819 (3d Cir. 1994) ("The test for an arrest without probable cause is an objective one, based on the facts available to the officers at the moment of arrest.") (internal quotations omitted); *Gumbs v. O'Connor*, No. 10-1520, 2011 WL 1322238, at *7 (D.N.J. Apr. 4, 2011) ("the dropping of criminal charges does not, of necessity, establish that, *at the time of arrest*, the facts and circumstances were not sufficient to warrant a prudent person believing that Plaintiff had committed a crime").

Drawing all reasonable inferences in Thomas's favor, he may be attempting to assert that White made a false statement when he asserted in his probable cause affidavit that Thomas was "advised numerous times that he is forbidden from being on or inside this property," ECF No. 2-1 at 6, or when he omitted from his affidavit that Thomas had legal ownership of the property. For example, he argues in his Response that "[i]t is beyond dispute that [when] the arrest took place" and White attested that Thomas did not own the property, that Thomas had "own[ed] that property for over 20 years, it was stolen with fraudulent document in April 2023." Response at 6. This fails as a matter of law to constitute a false statement or material omission. As noted, a Pennsylvania court has established that Thomas had no property rights to 724 School Lane at the time relevant to this case and, as recognized by Judge Sanchez, that fact serves to preclude any legal claim he may make to the contrary. *Thomas*, 2022 WL 16536239, at *2. Accordingly, the Court concludes that the malicious prosecution claim must be dismissed.

### B.  State Law Defamation Claim

Thomas also asserts a state law claim for defamation, asserting that White used public records and social medial to spread false statements and charges. Compl. at 7. Having dismissed his federal law claim, the Court will not exercise supplemental jurisdiction over this claim, and it will be dismissed for lack of subject matter jurisdiction.

The only independent basis for jurisdiction over Thomas's state law claim is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen

of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).

Thomas alleges that both he and White are citizens of Pennsylvania. Compl. at 3. Accordingly, the parties are not diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

## V.  CONCLUSION

For the reasons stated, Defendant White's Motion to dismiss Thomas's Complaint will be granted, Thomas's federal law claims will be dismissed with prejudice and his state law claim will be dismissed without prejudice for lack of subject matter jurisdiction. An appropriate Order will be entered separately. *See* Fed. R. Civ. P. 58(a).

                    **BY THE COURT:**

                    */s/ Joseph F. Leeson, Jr.*
                    **JOSEPH F. LEESON, JR.**
                    **United States District Judge**